# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**PAMELA MILLER,**

    Plaintiff,

                                        Case No. 2:15-cv-179
                                        Chief Judge George C. Smith
    v.                                   Magistrate Judge Elizabeth P. Deavers

**FRANKLIN COUNTY CHILDREN'S
SERVICES,** *et al.***,**

    Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's failure to respond to the April 5, 2018, Show Cause Order. (ECF No. 34.) For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

### I.

Plaintiff initiated this action on January 20, 2015. (ECF No. 1.) Because related criminal proceedings were pending in both California and Ohio courts, the Court determined that it was appropriate to refrain from considering this case pursuant to the abstention doctrine announced in *Younger v. Harris,* 401 U.S. 37 (1971). (ECF No. 18.) Accordingly, on January 22, 2016, the Court stayed this matter pending resolution of the state court proceedings and instructed the parties to file a notice with the Court when they were finally resolved. (*Id*.)

Ten months later, the Court issued an Order requiring the parties to submit a status report by November 1, 2016. (ECF Nos. 19.) Plaintiff failed to comply. The Court subsequently

ordered Plaintiff to file a status report by November 10, 2016. (ECF No. 21.) Plaintiff then submitted a status report indicating that although she believed the California case had been disposed of, she could not confirm that fact because the case was purportedly sealed. (ECF No. 22.)

On February 8, 2017, the Court ordered the parties to file a second status report by February 28, 2017. (ECF No. 23.) Plaintiff failed to comply. On March 1, 2017, the Court ordered the parties to file a third status report by September 1, 2017. (ECF No. 25.) Plaintiff failed to comply. On September 29, 2017, the Court ordered Plaintiff to file a status report by October 16, 2017, and directed Plaintiff to indicate in that report if this case could be settled or dismissed. (ECF No. 27.) Plaintiff then submitted a status report indicating that the state court proceedings remained unchanged and that she had been unsuccessful in her attempts at settlement negotiations with the Defendants. (ECF No. 28.)

On November 20, 2017, the Court ordered the parties to file a fourth status report by February 23, 2018. (ECF No. 30.) Two days after that deadline expired, Plaintiff filed a status report indicating that there had been no changes since her last report and that a plea agreement offered to her in the Ohio criminal case was unacceptable. (ECF No. 31.) On February 27, 2018, the Court issued a Notice scheduling a conference to take place by phone at 2:30pm on April 5, 2018. (ECF No. 32.) Defendants' counsel appeared at the designated time and was prepared to participate. Plaintiff's counsel, however, did not contact the Court at the designated time, or any time thereafter to explain why Plaintiff's counsel failed to appear. Accordingly, the Undersigned issued an Order directing Plaintiff to show cause why the Court should not dismiss this action by April 19, 2018. (ECF No. 34.) Plaintiff was "specifically advised that the Court

could dismiss this case if she fail[ed] to respond to [the] Show Cause Order." (*Id.*) To date, however, Plaintiff has not responded to that Show Cause Order.

**II.**

Under the circumstances presented in the instant case, the Undersigned recommends that this action be dismissed without prejudice pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (*citing K*noll, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.* (quoting *Knoll*, 176 F.3d at 363).

3

**III.**

Here, the record demonstrates delay and contumacious conduct. Plaintiff has failed to comply with the Undersigned's Orders by failing to file status reports, filing a status report after a deadline expired, failing to appear at a status conference, and failing to respond to the Show Cause Order. The Undersigned has analyzed these failures in light of the four relevant factors and finds that it is not clear if Plaintiff's failures are due to willfulness, bad faith, or fault, or if Defendants have been prejudiced by Plaintiff's conduct. Nevertheless, the Undersigned finds that Plaintiff was expressly warned that failure to cooperate could lead to dismissal. (ECF No. 34.) In addition, the Undersigned has already imposed less drastic sanctions by allowing Plaintiff second opportunities to file status reports after originally failing to do so, (ECF Nos. 21, 27), by accepting an untimely status report, (ECF No. 31), and by allowing Plaintiff to explain why her claims should not be dismissed for failure to prosecute after failing to appear at the status conference. (ECF No. 34.) Because Plaintiff has missed deadlines and disregarded Court Orders, the Undersigned concludes that no alternative sanction would protect the integrity of these proceedings. The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action **WITHOUT PREJUDICE** under Rule 41(b).

**IV. PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: April 25, 2018                               /s/ *Elizabeth A. Preston Deavers*
                                                                ELIZABETH A. PRESTON DEAVERS
                                                                UNITED STATES MAGISTRATE JUDGE